60 So.3d 1037 (2011)
Rafael VARGAS, Petitioner,
v.
ENTERPRISE LEASING COMPANY, etc., et al., Respondent.
No. SC08-2269.
Supreme Court of Florida.
April 21, 2011.
*1038 Marjorie Gadarian Graham, Palm Beach Gardens, FL, and Mariano Garcia of Gonzalez and Garcia, West Palm Beach, FL, for Petitioner.
David Clark Borucke of Holland and Knight, Tampa, FL, for Respondent.
Barbara Weiss Green, Coral Gables, FL, and Arthur Garcia, Jr., Davie, FL, on behalf of Ramon Villanueva; Roy D. Wasson of Wasson and Associates, Miami, FL, on behalf of Florida Justice Association; Mark Alan Perry and Thomas M. Johnson, Jr., of Gibson, Dunn and Crutcher, LLP, Washington, D.C., on behalf of Avis Budget Group, Inc.; and Richard P. Schweitzer, Washington, D.C., on behalf of Truck Renting and Leasing Association, Inc., As Amici Curiae.
PERRY, J.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Vargas v. Enterprise Leasing Co., 993 So.2d 614 (Fla. 4th DCA 2008). In its decision, the district court ruled upon the following question certified to be of great public importance:

*1039 DOES THE GRAVES AMENDMENT, 49 U.S.C. § 30106, PREEMPT SECTION 324.021(9)(b)2, FLORIDA STATUTES (2007)?
Id. at 624. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and approve the decision of the district court holding that the Graves Amendment does preempt section 324.021(9)(b)2, Florida Statutes (2007), and affirming the trial court's order granting summary judgment in favor of Enterprise Leasing Company.

I. BACKGROUND
The relevant facts are set forth in the district court opinion under review:
Enterprise Leasing Company leased a motor vehicle to Elizabeth Price for a period of less than one year. On February 12, 2006, Mrs. Price's son, Jimmy Middleton, crashed the rental vehicle into the rear end of a car driven by Rafael Vargas. Vargas filed suit against Price, Middleton, and Enterprise. The only count of the complaint directed at Enterprise claimed that the company was vicariously liable as the owner of the motor vehicle, pursuant to section 324.021(9)(b)2. Vargas did not contend that Enterprise was negligent, that its lease of a vehicle to Price was improper, or that it was in any way at fault for the accident. Enterprise filed an amended answer and affirmative defenses, asserting that pursuant to 49 U.S.C. § 30106, it had no liability.
The circuit court granted Enterprise's motion for summary judgment, ruling that the Graves Amendment preempted section 324.021(9)(b)2, which it determined was a vicarious liability provision and not a financial responsibility statute. After the entry of a final judgment consistent with Enterprise's consent to judgment, Vargas timely filed a notice of appeal.
Vargas, 993 So.2d at 616-17. The district court, in a six-to-four en banc decision, affirmed the trial court's ruling and certified the above question. In reaching its decision, the majority framed the issue as follows: "the issue before the court is whether by enacting 49 U.S.C. § 30106, the Graves Amendment, Congress preempted section 324.021(9)(b)2, Florida Statutes (2007), involving short term leases of motor vehicles." Vargas, 993 So.2d at 616.
The federal Graves Amendment, which was enacted in 2005, provides in pertinent part:
§ 30106. Rented or leased motor vehicle safety and responsibility
(a) In general.An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if
(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).
(b) Financial responsibility laws. Nothing in this section supersedes the law of any State or political subdivision thereof
(1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
(2) imposing liability on business entities engaged in the trade or business *1040 of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.
49 U.S.C. § 30106 (2006).
The district court observed that the Graves Amendment has two operative provisionsa preemption clause in part (a), and a savings clause in part (b)and reasoned that section 324.021(9)(b)2 is preempted by part (a) unless the Florida statute qualifies as a "financial responsibility law" under part (b). Although part (b) is titled "Financial responsibility laws," the Graves Amendment fails to define that term. Accordingly, the district court gave the term its ordinary and common meaning: "Congress used the term `financial responsibility' in its ordinary and common meaning, the way the term was used in statutes in Florida and across the country, to denote a minimum level of compulsory insurance or its equivalent, which was a condition of licensure and registration." Vargas, 993 So.2d at 621.
The district court then determined that section 324.021(9)(b)2 is not a financial responsibility law and is not the type of law that Congress intended to exclude from preemption:
First, section 30106(b)(1) exempts laws "imposing financial responsibility on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle." Section 324.021(9)(b)2 is in no way linked to this privilege; it does not require short term lessors to purchase insurance. The monetary figures in the statute are caps on liability unrelated to a lessor's ability to register a motor vehicle. Sections 324.021(7), 324.051, and 324.071, Florida Statutes (2007), implement Florida's financial responsibility scheme.
Second, subsection 30106(b)(2) exempts state laws which "impos[e] liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law." Section 324.021(9)(b)2 is not a "financial responsibility or liability insurance requirement"; the section does not require short term lessors to purchase insurance.
Vargas, 993 So.2d at 621. The court concluded as follows: "Section 324.021(9)(b)2 is thus neither a financial responsibility statute nor an insurance requirement under section 30106(b). Rather, the statute is an outgrowth of the dangerous instrumentality doctrine that codifies and caps the vicarious liability imposed on lessors of motor vehicles." Vargas, 993 So.2d at 622. Based on this conclusion, the district court held that the Graves Amendment preempts section 324.021(9)(b)2 and affirmed the trial court's order granting summary judgment for the rental car company.

II. ANALYSIS
The issue presented herein is a pure question of law, subject to de novo review. Macola v. Gov't Employees Ins. Co., 953 So.2d 451, 454 (Fla.2006). The Supremacy Clause of the United States Constitution provides as follows:
This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.
U.S. Const., art. VI, cl. 2. Pursuant to this clause, state laws may be preempted by federal laws in three situations: (1) where express federal statutory language so provides; *1041 (2) where federal law has so thoroughly occupied a legislative field as to create a reasonable inference that there is no room for the state to supplement it; or (3) where a state law conflicts with a federal law. N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 654, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 203-04, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983). As more fully explained below, we conclude that the present case falls into the third category and agree with the district court that section 324.021(9)(b)2, Florida Statutes (2007) conflicts with and thus is preempted by the Graves Amendment.
Section 324.021(9)(b)2 provides as follows:
2. The lessor, under an agreement to rent or lease a motor vehicle for a period of less than 1 year, shall be deemed the owner of the motor vehicle for the purpose of determining liability for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage. If the lessee or the operator of the motor vehicle is uninsured or has any insurance with limits less than $500,000 combined property damage and bodily injury liability, the lessor shall be liable for up to an additional $500,000 in economic damages only arising out of the use of the motor vehicle. The additional specified liability of the lessor for economic damages shall be reduced by amounts actually recovered from the lessee, from the operator, and from any insurance or self-insurance covering the lessee or operator. Nothing in this subparagraph shall be construed to affect the liability of the lessor for its own negligence.
§ 324.021(9)(b)2, Fla. Stat. (2007). Section 324.021 provides definitions of terms used in chapter 324, Florida Statutes (2007). Section 324.021(9)(b) defines the term "owner/lessor" and addresses three categories of owner/lessors: (1) owners/lessors who lease a vehicle for one year or longer under a lease with certain insurance requirements ("long-term lessors"), (2) owners/lessors who lease a vehicle for less than a year ("short-term lessors")the type of owner/lessor involved hereand (3) owners who are natural persons who loan a motor vehicle to a permissive user. Under these provisions, long-term lessors "shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith." § 324.021(9)(b)1, Fla. Stat. (2007). However, short-term lessors, under the provision at issue here, "shall be deemed the owner" for the aforesaid purposes "up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage." Additionally, if the lessee or the operator of the vehicle is uninsured or has insurance with less than $500,000 combined property damage and bodily injury liability, the short-term lessor is liable for up to an additional $500,000 in economic damages. § 324.021(9)(b)2, Fla. Stat. (2007). Those in the third category, natural persons, "shall be liable for the operation of the vehicle or the acts of the operator in connection therewith" up to the same amounts and under the same conditions as short term lessors. § 324.021(9)(b)3, Fla. Stat. (2007).
The provisions relating to short-term lessors and natural persons were added by the Legislature in 1999 as part of a tort reform package. See ch. 99-225, § 28, at 1421-22, Laws of Fla. At the time, the existing definition of "owner/lessor" already *1042 eliminated vicarious liability for long-term lessors by providing they "shall not be deemed the owner" of the vehicle for vicarious liability purposes. See id. The new provisions did not eliminate vicarious liability for short-term lessors and natural persons; instead, the provisions clearly preserved that liability but placed caps on the amount of damages for which short-term lessors and natural persons could be held vicariously liable. See id.
Although Florida had eliminated vicarious liability for a certain category of owners/lessors and preserved but limited it for other categories, Congress in 2005, through the Graves Amendment, clearly sought to eliminate vicarious liability for a specific category of owner/lessors that under Florida's reforms remained, to an extent, exposedthose "engaged in the trade or business of renting or leasing motor vehicles." 49 U.S.C. § 30106(a)(1). Under section 324.021(9)(b)2, an owner/lessor who is engaged in the trade or business of renting or leasing motor vehicles and who leases a motor vehicle for less than a year is "deemed the owner of the vehicle," thus exposing that owner/lessor to vicarious liability under existing Florida law. This clearly conflicts with the preemption clause of the Graves Amendment.
The parties opposing preemption in this case argue that section 324.021(9)(b)2 is exempted because it is a "financial responsibility law" and thus falls under the savings clause of the Graves Amendment. These parties essentially contend that because section 324.021(9)(b)2 has the effect of making an owner/lessor vicariously liable for additional amounts of damages (over and above the initial cap on damages) if its lessee is uninsured or underinsured, thus encouraging the owner/lessor to ensure that its lessee is adequately insured, it is a financial responsibility law as contemplated by the savings clause provision that allows states to impose liability on rental car companies for failure to meet financial responsibility or liability insurance requirements under state law. We disagree.
The savings clause of the Graves Amendment clarifies that the federal law does not supersede state laws that impose "financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle" or that impose "liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law." 49 U.S.C. § 30106(b). As recognized by the United States Court of Appeals for the Eleventh Circuit in Garcia v. Vanguard Car Rental USA, Inc., 540 F.3d 1242 (11th Cir.2008), these provisions clarify that although states may not impose vicarious liability on rental car companies for the negligence of their lessees, they may still require insurance or its equivalent as a condition of licensing or registration (under provision (a) of the savings clause) and may enforce the requirement of insurance or its equivalent by suspending licenses or registrations, or imposing other penalties, for the failure to meet such requirements (under provision (b) of the savings clause). Garcia, 540 F.3d at 1249.
Section 324.021(9)(b)2 does not require insurance or its equivalent as a condition of licensing or registration. It also does not require an owner/lessor to meet any financial responsibility or liability insurance requirements under state law, and the liability contemplatedi.e., vicarious liability for damages caused by the negligence of lesseesdoes not flow from any failure to meet such requirements. Rather, as explained above, section 324.021(9)(b)2 preserves Florida common law vicarious liability by deeming short-term *1043 (less than one year) lessors to be "owners" for vicarious liability purposes, while limiting their exposure to damages for such claims. Therefore, it conflicts with and is thus preempted by the Graves Amendment.
Petitioners in this case also contend that even if section 324.021(9)(b)2, Florida Statutes (2007), is preempted, the Graves Amendment itself violates the Commerce Clause of the United States Constitution. We reject this contention and approve the decision below holding that the Graves Amendment does not violate the Commerce Clause. See Vargas v. Enterprise Leasing Co., 993 So.2d at 623-24; see also Garcia, 540 F.3d at 1249-53.

III. CONCLUSION
Based on the foregoing, we answer the certified question in the affirmative and approve the decision of the district court. We hold that the Graves Amendment preempts section 324.021(9)(b)2, Florida Statutes (2007), and is constitutional.
It is so ordered.
CANADY, C.J., and LEWIS, QUINCE, and POLSTON, JJ., concur.
LABARGA, J., dissents with an opinion.
PARIENTE, J., recused.
LABARGA, J., dissenting.
Because I conclude that section 324.021(9)(b)2, Florida Statutes (2007), imposes financial responsibility requirements, I respectfully dissent from the majority's holding that the statute is preempted by the Graves Amendment. Section 324.021(9)(b)2 can be fairly interpreted as a financial responsibility statute, and such an interpretation is appropriate even in the absence of an express mandate of bodily injury liability and property damage insurance or similar coverage.
Preliminarily, one needs to look no further than the title of chapter 324, Florida Statutes, to reach the conclusion that section 324.021(9)(b)2 is a financial responsibility statute. The chapter is entitled "Financial Responsibility," and the purpose of chapter 324, as set forth in section 324.011, Florida Statutes, is "to promote safety and provide financial security requirements for such owners or operators whose responsibility it is to recompense others for injury to person or property caused by the operation of a motor vehicle." Moreover, section 324.021, which contains the subsection at issue, is entitled "Definitions; minimum insurance required." (Emphasis added.)
Section 324.021(9)(b)2 provides that "[t]he lessor . . . shall be deemed the owner of the motor vehicle for the purpose of determining liability for the operation of the vehicle or the acts of the operator in connection therewith." In this case, Enterprise, as the lessor, is deemed the owner of the motor vehicle rented by Price and driven by Middleton. Section 324.021(9)(b)2 places Enterprise on clear notice that it is responsible for bodily injury compensation up to $100,000 per person and $300,000 per accident, as well as up to $50,000 for property damage. What is more, the statute explains that should the lessee or motor vehicle operator fail to maintain insurance with, at a minimum, combined limits of $500,000 for bodily injury and property damage, Enterprise is additionally responsible for up to that amount in economic damages. The clear import of section 324.021(9)(b)2 is that the owner/lessor must maintain a sufficient level of financial responsibility to compensate a party injured by one of its motor vehicles.
Moreover, based on the language in sections 324.032(1)(b) and (2), Florida Statutes, it is readily apparent that section 324.021(9)(b)2 is to be read as a financial *1044 responsibility statute. These sections read:
324.032 Manner of proving financial responsibility; for-hire passenger transportation vehicles.Notwithstanding the provisions of s. 324.031:
. . . .
(1)(b) A person who is either the owner or a lessee required to maintain insurance under s. 324.021(9)(b) and who operates limousines, jitneys, or any other for-hire passenger vehicles, other than taxicabs, may prove financial responsibility by furnishing satisfactory evidence of holding a motor vehicle liability policy as defined in s. 324.031.
(2) An owner or a lessee who is required to maintain insurance under s. 324.021(9)(b) and who operates at least 300 taxicabs, limousines, jitneys, or any other for-hire passenger transportation vehicles may provide financial responsibility by complying with the provisions of s. 324.171, such compliance to be demonstrated by maintaining at its principal place of business an audited financial statement, prepared in accordance with generally accepted accounting principles, and providing to the department a certification issued by a certified public accountant that the applicant's net worth is at least equal to the requirements of s. 324.171 as determined by the Office of Insurance Regulation of the Financial Services Commission, including claims liabilities in an amount certified as adequate by a Fellow of the Casualty Actuarial Society.
§ 324.032, Fla. Stat. (2007). Section 324.032 clearly states that section 324.021(9)(b) compels certain owners to maintain insurance. The certain owners affected by the financial responsibility requirement contained in section 324.021(9)(b)2 are lessors who rent or lease motor vehicles for a period of less than one year and who enter into a rental agreement that does not require that the lessee obtain minimum insurance coverage of $100,000 per person and $300,000 per accident for bodily injury and $50,000 for property damage.
I agree with the conclusion reached by Judge Farmer in his dissenting opinion:
Section 324.021(9)(b) fixes financial responsibility through a liability insurance requirement. Section 324.021(9)(b) fixes minimum insurance requirements as the basis for eliminating vicarious responsibility of the Companies. They force the Companies to place these minimum insurance requirements in every lease or rental contract. If the Customer should fail to comply with the contract and have such insurance in effect, then the Company must itself have back-up coverage or face liability for the fault of the operator of the vehicle. Essentially, the Company's only duty under this statute is to see that insurance is actually in effect at all times.
Vargas v. Enterprise Leasing Co., 993 So.2d 614, 633 (Fla. 4th DCA 2008) (Farmer, J., dissenting). I further concur with Judge Farmer's conclusion that "[t]he text of the Graves Amendment makes obvious that its purpose was to end vicarious liability under the dangerous instrumentality doctrine but only while insisting on keeping intact State duties, responsibilities or liabilities requiring security for the payment of damages to victims of accidents. Hence vicarious liability could be abolished but not the role of the Companies to make certain an existing mechanism to provide security for the payment of damages." Id. at 632. In enacting section 324.021(9), the Florida Legislature provided for such a mechanism which cannot reasonably be interpreted as anything other than a financial responsibility requirement.
Accordingly, because section 324.021(9)(b)2 is a financial responsibility *1045 statute, the savings clause in the Graves Amendment protects it from preemption. Therefore, I respectfully dissent.