DAVIS, Judge.
Larry Patterson, as Father and Next Friend of Katie Patterson, a minor, challenges the trial court’s final summary judgment in favor of Harco National Insurance Company in Patterson’s declaratory judgment action against Harco. In that underlying action, Patterson sought a determination that Drop Ship Direct, Inc., and Sergio Gutierrez, II, were named insureds under a Harco insurance policy issued to FirstLease, Inc. The trial court determined that Drop Ship and Gutierrez were not named insureds on the policy and that the policy provided no coverage for them. We do not agree with this conclusion and thus reverse the trial court’s final judgment and remand for further proceedings.
On April 29, 2005, Patterson’s minor daughter was injured in a motor vehicle accident that involved a box truck driven by Gutierrez in the scope of his employment with Drop Ship. Drop Ship had leased the truck from FirstLease, and Fir-stLease carried motor vehicle coverage for its rental vehicles with Harco.
Patterson filed a personal injury action naming FirstLease, Drop Ship, and Gutierrez as party defendants. Harco, as the insurer of FirstLease, denied all coverage and did not provide FirstLease a defense in the cause of action. Patterson settled with FirstLease and continued the action with Drop Ship and Gutierrez. Drop Ship *228 and Gutierrez agreed to the entry of a stipulated judgment against them. Subsequently, they assigned to Patterson any rights they had against Harco under the FirstLease policy. He then filed the instant declaratory action against Harco, asking that the trial court determine that the policy issued by Harco provided coverage for Drop Ship and Gutierrez as named insureds.
The policy in question designates as the named insureds FirstLease and “[ajnyone else while using with your permission a covered ‘auto’ you own, hire or borrow,” with certain enumerated exceptions that do not apply here. Without further consideration, Drop Ship and Gutierrez meet this definition because Gutierrez was an employee of Drop Ship and FirstLease leased the vehicle to Drop Ship for the specific purpose of use by Drop Ship’s employees in the course of performing Drop Ship’s business.
However, the policy also included an endorsement entitled “Leasing or Rental Concerns — Contingent Coverage.” This form alters the coverage provided by the policy when the covered vehicle is being used pursuant to a lease or rental agreement at the time of the accident. For such vehicles, the endorsement states:
Section 1. Coverages
A. Liability Insurance ... provided by the policy for a covered “auto” which is a “leased auto” or “rented auto” applies subject to the following provisions:
[[Image here]]
3.For the lessee or rentee, any employee or agent of the lessee or rentee or any person, except you or your employees or agents, operating the leased or rented auto with the permission of any of these, the limit of insurance provided by this endorsement is the minimum limit required by any applicable compulsory or financial responsibility law. This endorsement does not apply to the limit or limits specified by any law governing Motor Carriers of passengers or property.
4. The insurance provided by this endorsement does not apply if any other insurance is collectible.
5. The insurance proved by the endorsement does not apply as excess insurance to any other policy.
The rider then goes on to define certain terms as follows:
“Leased Auto” means an “auto” you lease to a customer (lessee) for one year or more, including any substitute or extra “auto” you provide under a lease agreement where the lessee is providing primary insurance for you.
“Lease or rental agreement” means the written contract or agreement between you and the lessee or rentee of your “auto,” and includes those provisions which establish responsibility for providing primary insurance coverage or indemnity.
FirstLease and Drop Ship entered into a lease agreement that required Drop Ship to obtain “bodily injury and property damage liability” insurance coverage and to provide proof of such to FirstLease. The agreement specifies as follows: “Such insurance shall be primary with respect to OWNER, and any insurance carried by the OWNER shall not inure to the benefit of RENTER or RENTER’S agents, servants, or employees.”
Drop Ship did obtain insurance coverage from Progressive Insurance Company, and Progressive has paid out its policy limits to individuals involved in this accident. The question now before this court is whether the two permissive users — Drop Ship and Gutierrez — were covered under the Harco policy in the instant circumstances. If they were, the trial court erred in granting summary judgment in favor of Harco. *229 The determination of whether the policy provides coverage turns on whether Fir-stLease effectively shifted the responsibility of carrying primary coverage to Drop Ship by the lease agreement and thereby met the specifics of the endorsement such that, by the terms of the endorsement, Drop Ship and Gutierrez would not be covered by the policy.
This was the argument made by Hareo below and the basis on which the trial court granted summary judgment in Harco’s favor. That is, Harco argued that because the lease agreement required Drop Ship to provide the coverage and Drop Ship in fact did so via its Progressive policy, the Hareo policy does not provide Drop Ship or its employees any coverage because the plain language of the policy endorsement “does not apply if any other insurance is collectible.”[1]
However, Patterson argues on appeal, as he argued below, that the terms of the lease agreement did not effectively shift the responsibility for providing primary coverage to Drop Ship. Patterson maintains that because FirstLease failed in its attempt to shift the responsibility, the Progressive policy was not the primary coverage policy and the truck driven by Gutierrez did not meet the definition of a “covered auto” provided in the endorsement. According to Patterson, because the truck did not meet this definition, the exclusions provided by the endorsement do not apply and Drop Ship and Gutierrez are named insured as defined in the body of the policy (i.e., using the vehicle with FirstLease’s permission).
Patterson bases this argument on section 627.7268(1), Florida Statutes (2004), which provides that the lessor’s liability insurance coverage on a vehicle that is subject to a lease agreement is the primary coverage “unless otherwise stated in at least 10-point type on the face of the rental or lease agreement.” Subsection (2) of the statute provides that “[i]f the lessee’s coverage is to be primary, the rental or lease agreement must contain [certain] language, in at least 10-point type.” [2] The parties agree that the lease agreement between FirstLease and Drop Ship did not meet these statutory requirements.
Patterson argues that because the leasing agreement did not meet the statutory requirements, FirstLease did not successfully transfer the responsibility of providing the primary insurance coverage to Drop Ship. Patterson further asserts that because the transfer was ineffective, Fir-stLease — not Drop Ship — was providing the primary coverage, resulting in the truck not meeting the definition of a “covered auto” that is included in the policy endorsement. Thus, according to Patterson, the exclusion does not apply and by the terms of the body of the insurance policy, Drop Ship and Gutierrez, as permissive users, are named insureds under the policy.
Harco, however, argues that section 627.7263 does not apply because it has been preempted by the Graves Amendment, 49 U.S.C. § 30106, which precludes liability being established against the owner of a rental vehicle on the basis of the common law principle of vicarious liability. We disagree.
“Congress in 2005, through the Graves Amendment, clearly sought to eliminate *230 vicarious liability for a specific category of ovmer/lessors ... — those ‘engaged in the trade or business of renting or leasing motor vehicles.’ ” Vargas v. Enterprise Leasing Co., 60 So.3d 1037, 1042 (Fla.2011) (emphasis added) (quoting 49 U.S.C. § 30106(a)(1)). As such, had FirstLease not settled with Patterson, it, as the owner/lessor of the truck, may have been able to insulate itself against liability by raising the Graves Amendment. However, the claims at issue here are against Drop Ship and Gutierrez and are based on the negligence of Gutierrez as the driver of the truck and Drop Ship’s vicarious liability as Gutierrez’s employer. Because there is no judgment against FirstLease as owner, the Graves Amendment does not apply. See id. Rather, FirstLease provided liability coverage which, by statute, remains the primary coverage. As permitted users, Drop Ship and Gutierrez are named insured of that policy and thus are entitled to coverage for the judgment entered against them.[3]
We note that Patterson also argues that the trial court erred in denying his motion for summary judgment as to two of Har-co’s affirmative defenses. We conclude, without further comment, that this argument is without merit.
In conclusion, because Drop Ship and Gutierrez are named insureds under the Harco policy, we must reverse the final summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
VILLANTI and LaROSE, JJ„ Concur.

. The endorsement also specified that the Harco policy would not be payable as excess coverage.

. The specified language is as follows: "The valid and collectible liability insurance and personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection coverage required by ss. 324.021(7) and 627.736, Florida Statutes.” § 627.7263(2).

. We also note that if the provisions of subsections (4) and (5) of the policy endorsement do not apply, Harco may be liable for excess coverage even if another policy has paid to the benefit of Harco’s named insureds.