CANADY, J.
In this case, we once again consider the preemptive scope of the federal law known as the Graves Amendment, 49 U.S.C. § 30106 (2006), which provides that the owner of a motor vehicle who leases the vehicle shall not be vicariously hable for harm that results from the use, operation, or possession of the vehicle during the lease. Specifically, we consider whether the Graves Amendment preempts liability *1166 under section 324.021(9)(b)(1), Florida Statutes (2002), which defines when a long-term lessor remains the owner of a leased motor vehicle and thereby subject to vicarious liability for damages caused by the vehicle under Florida’s dangerous instrumentality doctrine. We have for review the decision of the Second District Court of Appeal in Rosado v. DaimlerChrysler Financial Services Trust, 1 So.3d 1200, 1206 (Fla. 2d DCA 2009), in which the Second District certified a question to this Court as one of great public importance: “DOES THE GRAVES AMENDMENT, 49 U.S.C. § 30106, PREEMPT SECTION 324.021(9)(b)(1), FLORIDA STATUTES (2002).” We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we answer the certified question in the affirmative. The Graves Amendment preempts section 324.021(9)(b)(1). Accordingly, we approve the decision under review.
I. BACKGROUND
On January 15, 2003, the LaMon-due Law Firm, located in Virginia, leased a vehicle from Tysinger Motor Company, who later assigned the lessor’s interest to DaimlerChrysler Financial Services Trust (DaimlerChrysler). The four-year lease required the law firm to insure the car for not less than $100,000 per person and $300,000 per accident in bodily injury coverage and $50,000 in property coverage. The law firm permitted Terrell Parham to drive the vehicle, and on June 29, 2003, Parham crossed the median of a Florida highway and collided with a car driven by Alejandro Rosado. The day before the accident, the insurance policy on the vehicle lapsed for nonpayment. Rosado, 1 So.3d at 1202.
Rosado, who sustained injuries in the collision, filed suit in Florida against Carl LaMondue, who executed the lease, the law firm, Parham, and DaimlerChrysler. Rosado alleged that because Daimler-Chrysler had failed to comply with the insurance requirements of section 324.021(9)(b)(1), Florida Statutes (2002), DaimlerChrysler was vicariously liable for Parham’s negligent operation of the car under Florida’s dangerous instrumentality doctrine. DaimlerChrysler moved for summary judgment, contending that its liability, if any, should be based on Virginia tort law and that if Florida law applied, section 324.021(9)(b)(1) was preempted by the Graves Amendment. The trial court concluded that Florida law applied but that the Graves Amendment did preempt section 324.021(9)(b)(1). The trial court, therefore, granted summary judgment in favor of DaimlerChrysler. Rosado, 1 So.3d at 1203.
Rosado appealed the summary judgment in the Second District. First, Rosado asserted that the Graves Amendment was unconstitutional as a violation of the Commerce Clause. Second, he argued that the Graves Amendment was inapplicable to his case because the accident occurred and the lawsuit commenced before the enactment of the Graves Amendment. Third, Rosado asserted that the Graves Amendment did not preempt section 324.021(9)(b)(1) because the federal legislation includes a savings clause that exempts state financial responsibility laws from its preemptive reach. Rosado, 1 So.3d at 1204.
The Second District affirmed the trial court’s ruling that the Graves Amendment preempted section 324.021(9)(b)(1). After rejecting Rosado’s first argument as without merit and his second argument as procedurally barred, the Second District discussed Rosado’s third argument in detail. The Second District concluded that the Graves Amendment precludes states from imposing vicarious liability on automobile lessors and that section 324.021(9)(b)(1) *1167 was not an exempted financial responsibility law under the Graves Amendment. The Second District reasoned that 324.021(9)(b)(l) does not “impos[e] financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle” or “impose liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.” Rosado, 1 So.3d at 1205 (quoting 49 U.S.C. § 30106(b)) (alteration in original).
Before this Court, Rosado contends that section 324.021(9)(b)(l) is a financial responsibility law and therefore not preempted by the Graves Amendment. We are not persuaded by Rosado’s argument.
II. ANALYSIS
Under the Supremacy Clause of the United States Constitution, U.S. Const, art. VI, cl. 2, state laws may be preempted by federal laws in three situations: (1) where express federal statutory language so provides; (2) where federal law has so thoroughly occupied a legislative field as to create a reasonable inference that there is no room for the state to supplement it; or (3) where a state law conflicts with a federal law. Vargas v. Enter. Leasing Co., 60 So.3d 1037, 1040-41 (Fla.) (citing N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 654, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm’n, 461 U.S. 190, 203-04, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983)), cert. denied, — U.S. -, 132 S.Ct. 769, 181 L.Ed.2d 486 (2011). “Whether state law is preempted by federal law is a pure question of law that is subject to de novo review.” Vreeland v. Ferrer, 71 So.3d 70, 73 (Fla.2011), cert. denied, — U.S. -, 132 S.Gt. 1557, 182 L.Ed.2d 166 (2012).
The Graves Amendment, titled “Rented or leased motor vehicle safety and responsibility,” was first enacted in 2005 and provides in part:
(a) IN GENERAL. — An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).
(b) FINANCIAL RESPONSIBILITY LAWS. — Nothing in this section supersedes the law of any State or political subdivision thereof—
(1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
(2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.
The statute at issue in this case, section 324.021(9), which defines words and phrases used in chapter 324, Florida Statutes, provides in part:
(9) OWNER; OWNER/LESSOR.—
*1168 (a) Owner. — A person who holds the legal title of a motor vehicle; or, in the event a motor vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this chapter.
(b) Owner/lessor. — Notwithstanding any other provision of the Florida Statutes or existing case law:
1. The lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100,000/ $300,000 bodily injury liability and $50,000 property damage liability or not less than $500,000 combined property damage liability and bodily injury liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this subparagraph shall be applicable so long as the insurance meeting these requirements is in effect. The insurance meeting such requirements may be obtained by the lessor or lessee, provided, if such insurance is obtained by the lessor, the combined coverage for bodily injury liability and property damage liability shall contain limits of not less than $1 million and may be provided by a lessor’s blanket policy.
2. The lessor, under an agreement to rent or lease a motor vehicle for a period of less than 1 year, shall be deemed the owner of the motor vehicle for the purpose of determining liability for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage. If the lessee or the operator of the motor vehicle is uninsured or has any insurance with limits less than $500,000 combined property damage and bodily injury liability, the lessor shall be liable for up to an additional $500,000 in economic damages only arising out of the use of the motor vehicle. The additional specified liability of the lessor for economic damages shall be reduced by amounts actually recovered from the lessee, from the operator, and from any insurance or self-insurance covering the lessee or operator. Nothing in this sub-paragraph shall be construed to affect the liability of the lessor for its own negligence.
3.The owner who is a natural person and loans a motor vehicle to any permissive user shall be liable for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage.... Nothing in this subparagraph shall be construed to affect the liability of the owner for his or her own negligence.
This Court has concluded that section 324.021(9)(b)(2), the portion of section 324.021(9) concerning short-term lessors, conflicts with and is thus preempted by the Graves Amendment. See Vargas, 60 So.3d at 1041. In Vargas, this Court concluded that section 324.021(9)(b)(2), enacted in 1999, “clearly preserved” the existing Florida law imposing vicarious liability on short-term lessors, whereas the Graves Amendment “clearly sought to eliminate *1169 vicarious liability” for lessors. 60 So.3d at 1042. This Court then rejected the argument that section 324.021(9)(b)(2) was a financial responsibility law within the savings clause of the Graves Amendment:
Section 324.021(9)(b)2 does not require insurance or its equivalent as a condition of licensing or registration. It also does not require an owner/lessor to meet any financial responsibility or liability insurance requirements under state law, and the liability contemplated — i.e., vicarious liability for damages caused by the negligence of lessees— does not flow from any failure to meet such requirements. Rather, as explained above, section 324.021(9)(b)2 preserves Florida common law vicarious liability by deeming short-term (less than one year) lessors to be “owners” for vicarious liability purposes, while limiting their exposure to damages for such claims. Therefore, it conflicts with and is thus preempted by the Graves Amendment.
Vargas, 60 So.3d at 1042-43.
Rosado contends that this Court should not follow Vargas regarding the long-term lessor portion of section 324.021(9)(b). Rosado relies on section 324.021(9)(a), which since 1955 has provided that “in the event a motor vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement,” “such conditional vendee ... shall be deemed the owner for the purpose of this chapter.” Rosado asserts that under this definition of “owner” in section 324.021(9)(a), a long-term lessor who enters into a lease agreement that includes a right to purchase the vehicle — such as the lease between DaimlerChrysler and the LaMondue Law Firm — is not an owner and therefore not subject to vicarious liability under Florida’s dangerous instrumentality doctrine. Based on this conclusion that section 324.021(9)(a) shields long-term lessors from an owner’s vicarious liability under the dangerous instrumentality doctrine, Rosado asserts that the vicarious liability contemplated by section 324.021(9)(b)(l) must instead be a punishment for long-term lessors who fail to comply with the insurance standards set out in the statute.
Rosado’s argument is without merit. This Court has previously rejected the premise that the definition of “owner” in section 324.021(9)(a) renders a long-term lessor such as DaimlerChrysler not an owner for purposes of the dangerous instrumentality doctrine. A long-term lessor in Florida is by default the owner of the leased vehicle and, as a result of its status as owner, subject to vicarious liability stemming from the operation of that vehicle by the lessee.
In Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363 (Fla.1990), the lessor, General Motors Acceptance Corporation (GMAC), contended that under section 324.021(9)(a), Florida Statutes (1989), it could not be held vicariously liable under the dangerous instrumentality doctrine for the actions of its lessee because the long-term rental argument included an option to purchase the vehicle. This Court rejected the argument that the lessee’s status as an “owner” under section 324.021(9)(a) absolved the long-term lessor of vicarious liability under the dangerous instrumentality doctrine. Kraemer, 572 So.2d at 1366. After explaining that the dangerous instrumentality doctrine was held applicable to lessors in Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959), and that until the district court decision underlying Kraemer, there had been “no subsequent Florida appellate decision limiting the liability of a lessor for hire under the dangerous instrumentality doc *1170 trine,” the Kraemer Court concluded that a lease agreement — even one that includes a purchase option — does not pass full beneficial ownership to the lessee and thus “does not warrant the creation of a wholesale exception to the dangerous instrumentality doctrine for long-term leases.” Id. at 1365-66. In other words, where an owner chooses to lease — rather than sell— a vehicle, the lessor-owner remains subject to vicarious liability under Florida’s dangerous instrumentality doctrine.
Furthermore, while concluding that section 324.021(9)(b) was inapplicable to the case due to GMAC’s failure to maintain insurance coverage, the Court expressly stated in Kraemer that section 324.021(9)0) — not section 324.021(9)(a)— provided a limited avenue by which a long-term lessor in Florida could avoid vicarious liability under the dangerous instrumentality doctrine. 572 So.2d at 1367; see also Abdala v. World Omni Leasing, Inc., 583 So.2d 330, 331-32 (Fla.1991) (“Kraemer held that, under Florida’s dangerous instrumentality doctrine, long-term lessors of automobiles are liable for damages caused by drivers of the leased automobiles. In addition, Kraemer recognized that the [Legislature acted to eliminate long-term lessors’ liability under the dangerous instrumentality doctrine, upon the satisfaction of specified preconditions ... as codified at subsection 324.021(9)(b).”).
Under Kraemer and Abdala, long-term lessors are owners subject to vicarious liability under the dangerous instrumentality doctrine — unless they avail themselves of the opt-out options prescribed by section 324.021(9)(b)(l). In Florida, a lessor’s financial responsibility for the negligence of a lessee flows from its status as the owner of the vehicle and Florida’s dangerous instrumentality doctrine, not from the lessor’s failure to purchase insurance. Thus, while the Graves Amendment “clearly sought to eliminate vicarious liability” for all lessors, Vargas, 60 So.3d at 1042, Florida law provides that a long-term lessor is — absent an affirmative action to rid itself of ownership status under section 342.021(9)(b)(l) — the owner of a vehicle and subject to vicarious liability under the dangerous instrumentality doctrine. Accordingly, unless section 324.021(9)(b)(1) is a financial responsibility law within the savings clause of the Graves Amendment, the federal and state laws conflict.
The reasoning from Vargas demonstrates that section 324.021(9)(b)(l) is not such a financial responsibility law. Contrary to the dissent’s claim, a long-term lessor who chooses not to obtain the insurance outlined by section 324.021(9)(b)(l) will not incur any new or additional liability as a result of that decision. Like section 324.021(9)(b)(2), the plain language of section 324.021(9)(b)(l) “does not require insurance or its equivalent as a condition of licensing or registration” and “does not require an owner/lessor to meet any financial responsibility or liability insurance requirements under state law.” Vargas, 60 So.3d at 1042. Rather than requiring a lessor to purchase insurance, the statute creates an option. Under section 324.021(9)(b)(l), a long-term lessor can choose to remain the “owner” of the motor vehicle — and subject to vicarious liability under Florida’s dangerous instrumentality doctrine — or the long-term lessor can opt out of owner status by obtaining a certain amount of insurance coverage or ensuring that the lessee maintains a certain amount of coverage. The Legislature could have chosen to make the insurance limits contemplated in section 324.021(9)(b)(l) mandatory, but instead that Legislature chose to require owners and operators to have proof of only the lesser amount of insurance mandated by section 324.021(7), Florida Statutes (2002), titled “Proof of Financial Responsibility.” As a result, a long- *1171 term lessor who chooses not to obtain the insurance outlined by section 324.021(9)(b)(l) will not incur a new financial obligation. Such a long-term lessor will continue to face the existing vicarious liability and financial responsibility imposed by Florida’s common law and other statutes. A long-term lessor who does not obtain insurance will be in the same financial position as he or she would have been if section 324.021(9)(b)(l) had never been enacted.
Rosado also argues that section 324.021(9)(b)(l) should be interpreted as a financial responsibility law because — unlike section 324.021(9)(b)(2) — the statute uses the terms “requires” and “requirements” in regard to insurance coverage. The plain language of section 324.021(9)(b)(1) refutes this argument. “Requires” and “requirements” are used in section 324.021(9)(b)(l) to explain what type of optional coverage will trigger the statutory exception to the dangerous instrumentality doctrine. The statute does not use the terms to indicate that the acquisition or maintenance of insurance is mandatory under Florida law. Section 324.021(9)(b)(l) creates a “mere financial inducement!]” to purchase insurance, not a legal requirement to do so. Garcia v. Vanguard Car Rental USA, Inc., 540 F.3d 1242, 1248 (11th Cir.2008).
Finally, Rosado argues in the alternative that if this Court determines that the Graves Amendment preempted section 324.021(9)(b)(l), DaimlerChrysler should be required to indemnify Rosado for $1,000,000 due to DaimlerChrysler’s failure to maintain insurance. Rosado did not raise this alternative argument for relief in the trial court. As a result, the issue is not preserved for appellate review. See Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla.2005) (“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985))).
III. CONCLUSION
Section 324.021(9)(b)(1) is not a law that imposes “financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle” or “liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.” 49 U.S.C. § 30106(b). Rather than imposing financial responsibility or insurance standards, the statute creates a process by which long-term lessors can avoid the default financial responsibility imposed upon them by Florida’s dangerous instrumentality doctrine. As a result, the Graves Amendment preempts section 324.021(9)(b)(l), Florida Statutes (2002). Accordingly, we answer the certified question in the affirmative and approve the decision of the Second District.
It is so ordered.
POLSTON, C.J., and QUINCE and PERRY, JJ., concur.
LEWIS, J., concurs in result.
LABARGA, J., dissents with an opinion, in which PARIENTE, J., concurs.