LABARGA, J.,
dissenting.
I respectfully dissent. Section 324.021(9)(b)(l) imposes financial responsibility upon DaimlerChrysler and liability for failure to meet financial responsibility requirements under Florida law. There *1172 fore, the statute is not preempted by the Graves Amendment.
Section 324.021(9)(b)(l) provides that a lessor who, pursuant to an agreement, leases a motor vehicle for one year or longer and requires the lessee to obtain a minimum amount of insurance shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility. In this case, the executed lease was for a period of four years and did indeed require the minimum insurance limits set forth in the statute. Thus, at first glance, under section 324.021(9)0X1), long-term lessor DaimlerChrysler would seem to be exempt from being deemed the owner of the vehicle. However, the story does not end there.
In this case, the vehicle’s insurance coverage lapsed the day before the accident. Section 324.021(9)(b)(l) also provides that this subparagraph, which can potentially relieve a long-term lessor such as Daimler-Chrysler of its role as owner, “shall be applicable so long as the insurance meeting these requirements is in effect.” (Emphasis added). Consequently, because the requisite insurance was no longer in effect at the time of the accident, for the purposes of section 324.021(9)(b)(l), Daimler-Chrysler was the owner of the vehicle when the accident occurred.
The portion of the statute providing that a long-term lessor “shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility” no longer applies in this case because the insurance coverage was not in effect at the time of the accident. It follows, then, that DaimlerChrysler shall be deemed the owner of said motor vehicle for the purpose of determining financial responsibility. Thus, the statute does impose a financial responsibility requirement. The language “for the purpose of determining financial responsibility” could not make this point more clearly.
The failure of the long-term lessor to ensure that sufficient insurance is maintained on a vehicle exposes the long-term lessor to vicarious liability for the negligence of a lessee. The only way that the long-term lessor will avoid such exposure is to assure its own financial responsibility. The statute even directs that where the long-term lessor obtains the insurance, “the combined coverage for bodily injury liability and property damage liability shall contain limits of not less than $1 million and may be provided by a lessor’s blanket policy.” § 324.021(9)(b)(l), Fla. Stat. (2002) (emphasis added). In fact, a long-term lessor must obtain this coverage in order to ensure that it does not end up in the position that DaimlerChrysler found itself on the day of the accident, holding a lease where the lessee’s insurance coverage lapsed.
The savings clause contained in subsection (b)(1) of the Graves Amendment shields from preemption a state law that imposes financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle. The majority here, as it did in Vargas v. Enterprise Leasing Company, 60 So.3d 1037, 1042-43 (Fla.), cert. denied, — U.S. -, 132 S.Ct. 769, 181 L.Ed.2d 486 (2011), suggests that a law that is clearly a financial responsibility law is in essence something else because it does not specify that its purpose is to allow the privilege of registering and operating a motor vehicle. That is what financial responsibility laws do. In order to register a vehicle, proof of financial responsibility is required. In order to operate a vehicle, the vehicle must be registered. A statute that subjects the long-term lessor to liability, should the lessee’s insurance coverage as outlined in *1173 section 324.021(9)(b)(1) lapse, indeed imposes a financial responsibility requirement. What the majority opinion refers to as an “option,” majority op. at 1170-71, is no option at all. A long-term lessor must assure its own financial responsibility consistent with section 324.021(9)(b)(1) in order to guarantee that it is not exposed to liability. The Graves Amendment does not preempt section 324.021(9)(b)(1).
Moreover, I agree with the portion of Judge Altenbernd’s concurring in part and dissenting in part opinion where he concludes that subsection (b)(2) of the Graves Amendment savings clause applies:
Subsection (b)(2) exempts state laws “imposing liability on business entities engaged in the trade or business of ... leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.” In Florida, the liability was imposed by common law and the statute provides an insurance option to avoid that liability. If a leasing company fails to meet the liability insurance requirements in section 324.021(9)(b)(l), then Florida common law as explained in Ady [v. Am. Honda Fin. Corp., 675 So.2d 577 (Fla.1996) ] and earlier cases will impose liability on that business. In combination, the common law and section 324.021(9)(b)(1) fits squarely within exception (b)(2) of the Graves Amendment.
I believe that the plain language of exception (b)(2) allows Florida to continue to impose liability on lease car companies that fail to provide the insurance designated in section 324.02[l](9)(b)(l).
Rosado v. DaimlerChrysler Fin. Serv. Trust, 1 So.3d 1200, 1209 (Fla. 2d DCA 2009) (Altenbernd, J., concurring in part and dissenting in part).
DaimlerChrysler is the owner of the motor vehicle for the purpose of determining financial responsibility. The Graves Amendment does not preempt motor vehicle financial responsibility laws nor laws that impose liability on entities like DaimlerChrysler who fail to meet financial responsibility or liability insurance requirements. Therefore, I dissent.
PARIENTE, J., concurs.