DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIMOTHY PATRICK COLLINS,**
Appellant,

v.

**AUTO PARTNERS V. LLC,** d/b/a **MCGUIRE CHEVROLET,**
Appellee.

No. 4D18-1855

[July 31, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Laurie E. Buchanan, Judge; L.T. Case No. 2017CA167.

Philip M. Burlington and Nichole J. Segal of Burlington & Rockenbach, P.A., West Palm Beach, and Richard D. Schuler of Schuler, Halvorson, Weisser, Zoeller & Overbeck, West Palm Beach, for appellant.

Hinda Klein and Samuel B. Spinner of Conroy Simberg, Hollywood, for appellee.

MAY, J.

The plaintiff appeals a final summary judgment in favor of an auto dealership. The plaintiff argues summary judgment was entered in error as genuine issues of material fact remained. Those issues are whether: 1) the vehicle involved in the accident was a courtesy loaner vehicle; and 2) the Graves Amendment[1] applied to that vehicle. We disagree with the plaintiff and affirm.

The plaintiff was severely injured when struck by a vehicle driven by an auto dealership employee. He filed an amended complaint against the driver and one count for vicarious liability against the dealership. The dealership claimed the vehicle was a short-term courtesy vehicle provided to its employee in his capacity as a customer while his car was undergoing service at the dealership. It further claimed the Graves Amendment

---

[1] 49 U.S.C. § 30106 (2005).

limited the dealership's liability.

In its answer, the dealership admitted it owned the vehicle but denied all other allegations.  It asserted the following as defenses:  comparative negligence; the plaintiff's failure to mitigate damages; the damages were limited by section 324.021, Florida Statutes, because the dealership leased the vehicle to its employee; and the protection of the Graves Amendment, 49 U.S.C. § 30106.  It also asserted entitlement to a setoff for all collateral source payments.

Attached to the original answer was a rental agreement dated March 31, 2017 ("first rental agreement"), documenting the rental of a 2017 Chevy Malibu purportedly signed by the employee.  It stated the car was returned April 3, 2017, prior to the accident.  The employee later denied signing this rental agreement and testified in deposition that the signature and initials were not his.

The dealership subsequently filed an answer, affirmative defenses to the amended complaint, and asserted a third-party complaint against its employee.[2]  The answer pled the same affirmative defenses.  But, this time, the dealership attached a different rental agreement ("second rental agreement").  This agreement covered the time of the accident and was for a different vehicle.  The employee had signed this agreement, but it was undated and executed after the employee returned to work following the accident.

The dealership moved for summary judgment.  The dealership's service manager attested that the car driven by the employee at the time of the accident was a short-term "rental," with the dealership "factor[ing] the cost of the short-term rental vehicle into the price for service on the customer's vehicle."  He also attested that a true and accurate rental agreement was attached.

The dealership filed an amended motion for summary judgment arguing entitlement to a judgment as a matter of law based on the Graves Amendment.  The dealership alternatively argued it was entitled to a partial summary judgment, pursuant to § 324.021, Fla. Stat., which caps the dealership's liability at $600,000 if the permissive user had less than $500,000 of insurance.  The dealership filed the deposition of another employee and an affidavit from the service manager authenticating the

---

[2] The dealership voluntarily dismissed its third-party complaint against its employee without prejudice.

first and second rental agreements.

In response to the amended motion for final summary judgment, the plaintiff argued there were genuine issues of material fact as to whether the dealership had leased the car as a rental vehicle. He argued the first rental agreement was fabricated because the employee denied ever seeing or signing it. The plaintiff further contended the rental agreements were tantamount to perjury and were sufficient to warrant dismissal of the dealership's pleadings. He did not, however, ask for that relief.

Along with the discrepancies in the rental agreement paperwork, the plaintiff raised issues about whether the car driven by the employee was a dealership designated loaner. Other courtesy vehicles were new, had never been sold, and had stickers on the back window indicating they were dealership rental cars. The car involved in the accident was pre-owned and did not have a courtesy vehicle sticker.

The plaintiff also argued the dealership was not entitled to partial summary judgment capping liability at $600,000, pursuant to § 324.021(9)(b)3., Fla. Stat., because the statute applied only to an owner who was a natural person.

At the hearing on the motion for summary judgment, the dealership argued its employee was not acting within the course and scope of his employment at the time of the accident. The dealership insisted its employee had use of the courtesy loaner as a dealership customer. It claimed the only question was whether the dealership was vicariously liable and, if so, whether there was a cap on liability.

The dealership admitted the first rental agreement had not been executed by the employee but argued the rental agreements were irrelevant because the Graves Amendment did not require a written rental agreement. The dealership also admitted it cited the wrong subsection of § 324.021, Fla. Stat., in its motion but had cited caselaw involving the correct subsection.

The plaintiff responded that there were factual disputes precluding summary judgment—namely that there was no written lease or rental agreement. The plaintiff insisted the issue of whether the vehicle was a rental remained a factual question for the jury. It suggested the dealership was motivated to have the car appear to be a rental because, without the Graves Amendment, it was subject to liability under § 324.021, Fla. Stat.

The court concluded the rental agreement paperwork was immaterial

to the Graves Amendment. The court indicated the case hinged on whether the employee used the car as a customer. The court found the employee paid for the services on his personal car and had not relied on an employee handbook provision to obtain use of the car. The court concluded the employee had used the car as a customer.

The trial court granted summary judgment. The plaintiff now appeals.

The plaintiff argues that summary judgment was inappropriate because there were genuine issues of material fact concerning the Graves Amendment's application to the dealership. He suggests the dealership failed to prove the employee used the car as a customer and not an employee. This factual issue, he argues, should be submitted to a jury.

The dealership responds that the plaintiff failed to preserve his arguments because he failed to reply to the dealership's affirmative defenses.[3] It argues the Graves Amendment does not require a written rental agreement. The only requirements are the following: 1) the vehicle owner is engaged in renting or leasing vehicles; 2) the owner rented or leased the vehicle to a person; and 3) the owner was neither negligent nor committed any criminal wrongdoing.

Summary judgment orders are reviewed de novo. *Weeks v. Town of Palm Beach*, 252 So. 3d 258, 261 (Fla. 4th DCA 2018). "Likewise, '[t]he interpretation of a statute is a purely legal matter' and also subject to de novo review." *Parker v. Parker*, 185 So. 3d 616, 618 (Fla. 4th DCA 2016) (citation omitted).

"Adopted in 1920, Florida's dangerous instrumentality doctrine imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another." *Aurbach v. Gallina*, 753 So. 2d 60, 62 (Fla. 2000). "Under the dangerous instrumentality doctrine, an owner who gives authority to another to operate the owner's vehicle, by either express or implied consent, has a nondelegable obligation to ensure that the vehicle is operated safely." *Id.*

---

[3] We summarily dispose of the dealership's preservation argument. "Where the pleader wishes simply to treat an affirmative defense as denied, and no new matter of affirmative defense is to be asserted thereto, then the affirmative defense is deemed denied, and a reply of simple denial would be surplusage." *Moore Meats, Inc. v. Strawn In & For Seminole Cty*, 313 So. 2d 660, 661 (Fla. 1975).

Section 324.021, Fla. Stat., lays out the following three categories of relationships to vehicles that can limit liability:

1) lessors who rent vehicles for one year or longer;

2) lessors who rent vehicles for less than one year; and

3) an owner who is a natural person and loans a vehicle to any permissive user.

§ 324.021(9)(b)1-3, Fla. Stat. (2019).  The dealership qualifies under either section one or two.

The Graves Amendment has preempted the Florida Statutes.  *See Vargas v. Enter. Leasing Co.*, 60 So. 3d 1037, 1041 (Fla. 2011).  It provides:

> **(a) In general.**--An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> **(1)** the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> **(2)** there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

Our supreme court explained:

> Although Florida had eliminated vicarious liability for a certain category of owners/lessors and preserved but limited it for other categories, **Congress in 2005, through the Graves Amendment, clearly sought to eliminate vicarious liability for a specific category of owner/lessors that under Florida's reforms remained, to an extent, exposed—those "engaged in the trade or business of renting or leasing motor vehicles**."  49 U.S.C. § 30106(a)(1).  Under section 324.021(9)(b)2, an owner/lessor who is engaged in the

5

trade or business of renting or leasing motor vehicles and who leases a motor vehicle for less than a year is "deemed the owner of the vehicle," thus exposing that owner/lessor to vicarious liability under existing Florida law. This clearly conflicts with the preemption clause of the Graves Amendment.

*Vargas*, 60 So. 3d at 1042 (emphasis added).

The dealership argues the three Graves Amendment requirements have been met. First, the dealership is "engaged in the trade or business of renting or leasing motor vehicles." 49 U.S.C. § 30106(a)(1). Second, the plaintiff neither alleged nor proved any "negligence or criminal wrongdoing" on the part of the dealership. The third requirement, whether the dealership rented the vehicle to the employee, is at issue.

The plaintiff argues the evidence established that the dealership provided a car to its employee without executing a rental agreement. On that issue, the plaintiff identifies four genuine issues of material fact: 1) the fraudulent first rental agreement; 2) the absence of a pre-accident rental agreement; 3) no stickers designated the car as a courtesy loaner vehicle; and 4) the vehicle was previously owned, unlike typical service loaner cars.

The trial court determined, and we agree, that while there may be disputed facts, they were neither genuine nor material to the legal liability issue. First, the Graves Amendment simply does not require a written rental agreement, which disposes of the dispute over the legitimacy of the rental agreements. Second, the dealership established by affidavit and deposition testimony that the employee had taken his car in for service and was provided a short-term rental vehicle while his was being serviced.

This material evidence established that for purposes of the employee's use of the loaner vehicle he was not acting within the course and scope of his employment, and he was treated like any other customer who received the use of a rental car while the customer's vehicle was in the repair shop. The plaintiff was unable to provide evidence that rebutted these material facts. Thus, the dealership was able to establish that it rented the vehicle to its employee.

For these reasons, the trial court properly entered summary judgment.

*Affirmed.*

DAMOORGIAN J., concurs. [4]
FORST, J., concurs in result only.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***

---

[4] Due to the untimely passing of associate Judge Meenu Sasser, Judge Dorian K. Damoorgian has reviewed the briefs and taped oral argument.